# Staunton

## John W. Childress v. Dickenson County Bank, et. al.

September 21, 1933.

Present, Campbell, C. J., and Holt, Epes, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Roland E. Chase,* for the appellant.

*W. B. Phipps* and *G. Mark French,* for the appellees.

EPES, J., delivered the opinion of the court.

There is pending in the Circuit Court of Dickenson county a chancery cause in which the State Corporation Commission of Virginia is the complainant and the Dickenson County Bank, Inc., and others are defendants. The objects of the suit are to have a receiver appointed for the Dickenson County Bank and have it wound up as an insolvent corporation.

The decree here appealed from was entered upon proceedings had upon a petition filed by John W. Childress in that suit; and only so much of the record has been certified up as the parties deemed pertinent to the issues raised by that petition. The only persons made parties defendant to Childress' petition were A. P. Hilton, as receiver of the Dickenson County Bank, Inc., and L. N. Sowards, who had been appointed by the Circuit Court of Dickenson county by a decree entered in another chancery cause therein pending under the short style of *Dickenson County Bank, Inc.* v. *Saphrona Lockhart, and others,* a special commissioner to make sale of the land involved in that suit.

The following facts are established by those allegations in the bill which are uncontradicted, by such of the allegations in the answers filed by A. P. Hilton and L. N. Sowards as are uncontradicted, and by the depositions taken in the cause.

In October, 1930, the Dickenson County Bank, Inc., instituted a suit in the Circuit Court of Dickenson county against Saphrona Lockhart as administratrix of D. C. Lockhart, deceased, and the heirs of D. C. Lockhart. The Dickenson County Bank was a judgment creditor of D. C.

Lockhart, deceased; and the purpose of this suit was to subject the lands of which he had died seized to the payment of this judgment and other liens on it.

The judgment of the bank which, with interest, amounted to approximately $2,000, was not the first lien on the land; but the number and amounts of the prior lien or liens do not appear from the record certified up to us.

A decree was entered in the suit of Dickenson County Bank against Saphrona Lockhart and others ordering the sale of the lands of which D. C. Lockhart had died seized, and appointing L. N. Sowards, the attorney who had brought the suit for the bank, special commissioner to make the sale. Sowards was absent in Richmond on business and requested C. R. McCoy, an attorney, to assist him in and about the sale of the property. In doing so, however, McCoy's testimony shows that he was acting as an assistant to Sowards as attorney for the bank, not as a representative of Sowards as special commissioner.

It looked as if the bank might have to purchase the land in order to save a loss on its judgment against Lockhart; and H. M. Bellamy, the cashier and active vice-president of the bank, and C. R. McCoy went to work to get someone other than the bank to purchase the land at the commissioner's sale. They learned that John W. Childress might be interested in purchasing some of the land, of which there were several parcels. They got in touch with him and with Miss Saphrona Lockhart and effected this arrangement. Miss Lockhart agreed to bid on the land as a whole, and Childress agreed that, if her bid was accepted, he would purchase from her two parcels of it, containing thirty-three and fifteen acres, respectively, at the price of $2,000. This arrangement was made before the sale was had.

On March 14, 1931, which seems to have been after the commissioner's sale, at which the property was cried out to Miss Saphrona Lockhart at her bid, she, as party of the first part, and Childress, as party of the second part, exe-

cuted a written contract by which she agreed to sell to Childress the thirty-three acre and fifteen acre tracts of land "in consideration of the sum of $2,000, to be paid * * as follows, viz: $300 cash in hand paid this date and $950 to be paid on the date that the sale is confirmed in the suit of *Dickenson County Bank* v. *Saphrona Lockhart, et als.,* and the balance to be paid in one and two years from this date, evidenced by the note of the said party of the second part, bearing interest from this date."

The Dickenson County Bank was not a party to the written contract above mentioned. However, Bellamy and McCoy, acting for the bank, seemed to have had some misgivings as to Miss Lockhart's ability to pay for the land, and took steps to have Childress make the payments called for by his contract with Miss Lockhart in a way which they deemed would protect the interest of the bank. To this end, they got Childress to agree with it and Miss Lockhart that he would use the money which he then had on deposit in the Dickenson County Bank to pay the $950 due on his purchase price when the sale was confirmed, and that it should be paid to the bank to be applied by it on the amount due by Miss Lockhart on the purchase made by her at the commissioner's sale.

Childress made the $300 cash payment to C. R. McCoy and executed the two notes for $375 each called for by his contract with Miss Lockhart, and, as McCoy testified, "left them in my care as a further protection to the bank." What disposition McCoy made of the $300 is not disclosed by the record.

After paying the $300 cash payment, Childress did not have enough money on deposit in bank to pay the $950 which was payable when the sale to Miss Lockhart should be confirmed, but stated that he could procure from his daughter-in-law a time certificate of deposit for $255 which had been deposited by her in the Dickenson County Bank, and would apply it to the payment of the $950 if the bank would take the time certificate as a part payment on the $950. Bellamy and McCoy, acting for the

bank, told him to "go and get it, and we would take the time certificate in on his bid, that it was going to the bank which was a very satisfactory arrangement with the bank."

All of these arrangements between the bank, Miss Lockhart and Childress were made at or prior to the time the written contract above mentioned was executed. However, so far as the record discloses, Sowards had no knowledge of the contract between Miss Lockhart and Childress or of any of the above mentioned arrangements made by them with Bellamy and McCoy until after the Dickenson County Bank had been placed in the hands of a receiver.

On March 25, 1931, the court entered a decree confirming the sale of the land made by Sowards, special commissioner, to Miss Lockhart. On a Thursday, "shortly after it was confirmed," Childress and Bellamy came to Mr. McCoy's office early in the morning; and Childress produced the time certificate of deposit he had procured from his daughter-in-law and said, "that he was ready to complete the transaction and that he and Bellamy had come there for that purpose." McCoy, who was acting as counsel for the bank, told him he had a case in court that day and could not attend to the matter; and suggested that they come back the following Saturday evening after court was adjourned, when they "would clean up the whole matter."

The next day, Friday, the suit of the Corporation Commission of Virginia against the Dickenson County Bank was instituted, and the bank was closed and was placed by the court in the hands of A. P. Hilton, whom it appointed as receiver for it.

At the time the bank was placed in the hands of the receiver, Childress had on deposit in the bank to his checking account $779.23, and was the legal holder of the time certificate of deposit for $255 which had been issued by the bank to his daughter-in-law and by her transferred to him.

The prayer of Childress' petition is "that the said re-

receiver be required to use the whole of said two deposits and apply same on the said purchase price of said land and on the amount due to the Dickenson County Bank, Inc., in the aforesaid suit, and that the said special commissioner (L. N. Sowards) he required to deliver to your petitioner a receipt for the said two sums and give your petitioner credit for the said two sums on the purchase price of said land."

We have stated above the facts established by the record; and it is now pertinent to note certain things which are not established by the record here before us.

The record fails to establish that either the bank or McCoy had any authority from Sowards to receive for him sums payable to him on account of the sale made by him, as special commissioner, to Miss Lockhart. It does not appear that, if the $950 had been paid to the bank and by it into the hands of Sowards, as special commissioner, the Dickenson County Bank would have been entitled to receive either the whole or any part thereof in a disbursement of the fund by the court. The appellant has proceeded upon the assumption that any sums paid by Childress would eventually be payable to the bank to be applied on its judgment against D. C. Lockhart, but the record does not establish that this was true.

It appears that on the Thursday before the bank closed, Childress was ready and willing, upon the receipt by him of a proper deed to the property he had purchased, to authorize the bank to apply $695 of the amount he had on deposit to his credit and also the $255 certificate of the deposit held by him to the payment of the $950, which was then payable by him on his purchase from Miss Lockhart. But it does not appear that he ever delivered up the $255 certificate to the bank or put it in a position to apply any sum from his deposit in bank to the payment of his obligation to Miss Lockhart without further authorization from him, or that he was willing to do so until he should have received a good and sufficient deed to the property purchased by him.

On October 26, 1932, the court entered the decree, which is here appealed from, denying the prayer of the petitioner, and dismissing his petition, the material part of which reads: "It is ordered and decreed that the said J. W. Childress is only a general creditor of the Dickenson County Bank, Inc., in so far as the amount which he had on deposit in his own name, and as represented by time certificate in the name of Bessie Childress which he claims to have owned at the time said bank was closed, and in so far as the Dickenson County Bank is concerned, the said J. W. Childress, is not entitled to have said sums of moneys which he had on deposit at the time said bank was closed, applied to the purchase price of certain lands claimed to have been purchased by him and set forth in his petition filed herein."

The grounds upon which appellant rests his contention that, the court erred in decreeing that he was not entitled to the relief prayed for, is that equity treats that as done which ought to have been done. A complete answer to this contention is that Childress had never put the bank in a position to make an application of the money on deposit to his credit or of the certificate of deposit to the payment of the $950; and that it ought not to have done so until it received his authority to do so. For this reason, as well as other reasons which are apparent from the statement of facts, we are of opinion that the decree of the trial court should be affirmed.

*Affirmed.*